A. E. WOOD & CO. *v.* MICHIGAN CENTRAL RAILROAD CO.

1. CARRIERS—FREIGHT—DELIVERY—NEGLIGENCE.

Where the defendant carrier received a shipment of merchandise to be delivered to plaintiff in the city of Detroit and the property contained in the shipment was marked improperly "shoes" and "estray freight," and where the consignee, after examining the box, declined to accept it, and in fact the package contained velvet goods which the defendant company delivered to plaintiff about two months after the date of shipment, but the kind of velvet ordered by it was no longer marketable and plaintiff was obliged to sell the same at a loss which it brought suit to recover, claiming that the box originally tendered was not the one which contained the velvet, the conflicting evidence in

support of the respective claims of the parties was properly submitted to the jury.

2. SAME—MOTION FOR NEW TRIAL—DILIGENCE—NEWLY DISCOVERED EVIDENCE.

   A motion for a new trial on the ground of newly discovered evidence which had a tendency to establish the fact as claimed by defendant that it had tendered to plaintiff certain freight, which plaintiff claimed was a different package or box than the one which was finally received by it, in an action for loss occasioned by delay, was properly denied by the circuit court on the ground that sufficient diligence had not been exercised to procure evidence in time for trial and that it would not necessarily effect a different result on a second trial.

Error to Wayne; Mandell, J. Submitted June 4, 1914. (Docket No. 25.) Decided March 18, 1915.

Assumpsit in justice's court by A. E. Wood & Company against the Michigan Central Railroad Company for negligent delay in delivering freight. From a judgment for defendant, plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*John A. Boyne* (*J. Walter Dohany, Frank E. Robson,* and *Henry Russell,* of counsel), for appellant.

*Campbell & Dewey,* for appellee.

McALVAY, J. The plaintiff, a Michigan corporation, was engaged in the millinery business in the city of Detroit. It purchased from Chaney Bros., of New York City, a bill of goods consisting of velvet, the purchase price of which was $191.76. These goods were shipped by Merchants' Despatch on June 30, 1910, from South Manchester, Conn., at which place Chaney Bros.' factory was located. A box claimed by defendant to be the one which contained these goods arrived in Detroit over the defendant railroad and

184 Mich.—43.

was received into the warehouse of defendant on July 6, 1910. It was addressed: "E. A. Wood & Co., Detroit, Michigan. Merchants' Despatch." For some reason, which is not explained in the record, the box arrived in Detroit as "estray freight," and the box was marked "shoes," and bore no other marks, except the address given above. It was tendered to A. E. Wood & Co. July 12th, who, after examining the box, refused to accept it, and it was returned to defendant's warehouse.

Several notices were sent by defendant to A. E. Wood & Co., all of which described the shipment as "one case shoes." The box containing the velvet goods was not delivered to plaintiff until August 30th, at which time it was claimed by plaintiff it was too late for the market for which that particular kind of velvet was ordered, and plaintiff was obliged to and did sell it at a loss of $143.37, for which amount it brought suit and recovered judgment. Plaintiff brought suit in justice's court. From the result in that court an appeal was taken to the circuit court, which resulted in a verdict and judgment for plaintiff for the amount claimed and costs. Defendant removes the case to this court, and asks for reversal upon errors duly assigned.

It appears to have been the claim of defendant in the trial court that on July 12, 1910, it tendered the box in question to the plaintiff under the impression that it contained shoes; that the plaintiff examined the box and refused to accept it. On the part of plaintiff it was claimed that the box tendered on that date was not the box containing the shipment of velvet, which was afterwards delivered to plaintiff, and which was correctly addressed, giving the name of the consignor and describing the contents as dry goods.

Upon the trial plaintiff introduced in evidence the

box which it claimed had contained the shipment in question. The evidence as to defendant's negligence in failing to make the delivery in due season, and the questions of plaintiff's alleged negligence in refusing to accept the box which defendant claimed contained the shipment in question, raised disputed questions of fact, which were submitted to the jury by the trial court under proper instructions.

Two notices of the receipt of the goods seem to have been sent to plaintiff, under the impression on the part of defendant that the box in question contained shoes, and these notices so specified, describing it as "estray freight" and naming no consignor. Inasmuch as plaintiff was engaged in the millinery business, and not in the shoe business, we think it may be excused for failure to pay attention to these notices. In any event, the question of plaintiff's negligence was, as before stated, submitted to the jury under proper instructions.

Defendant, after verdict, made a motion for a new trial, principally upon the ground of newly discovered evidence. Its tendency was to establish the fact that the box introduced in evidence by the plaintiff as the box in which the delayed shipment was received was in fact one which had contained a later shipment.

The motion for a new trial was denied by the circuit court for the reasons, among others, that the defendant had not exercised reasonable care to secure the evidence tendered upon the motion, and for the further reason that the admission of such evidence would not result in a different verdict upon another trial. We agree with the conclusions of the learned trial judge in denying this motion.

The judgment of the circuit court is affirmed.

Brooke, C. J., and Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.